## GULF OIL CORPORATION v. SIMMONS.

No. 32434. Nov. 19, 1946.

*174 P. 2d 359.*

Wm. C. Leidtke, Russell G. Lowe, Redmond S. Cole, C. L. Billings, and James B. Diggs, all of Tulsa, for plaintiff in error.

Z. I. J. Holt and Maurice F. Ellison, both of Tulsa, for defendant in error.

WELCH, J. In this action M. V. Simmons, defendant in error, hereinafter referred to as plaintiff, recovered a judgment against Gulf Oil Corporation, plaintiff in error, hereinafter referred to as defendant, for damages for the death and injury to certain cows.

On appeal the defendant presents but one issue: that the defendant was denied a fair trial because of the exclusion from the evidence of certain testimony tendered by the defendant to show the value of the cattle involved.

The burden rested on plaintiff of proving the extent of his damages as measured by the fair market value of the cows at the time of their death and the value of the injured cow before and immediately after injury.

On that subject the plaintiff testified that he had lost by death, one yellow Jersey cow, about to become fresh, aged five years and of a value of $150; one brown Jersey cow, five to six years old, of a value of $160; one brown Jersey heifer, three years old, fixing to freshen in a month, and of a value of $125; a one year-old heifer, Guernsey or spotted Jersey of the value of $65; one red roan Jersey heifer three years old, of the value of $120; one yellow Jersey cow, of the value of $140. Plaintiff testified that he had one cow made sick, that she was a Holstein with a calf and weighed 1,000 to 1,100 pounds before sickness, and that she did not recover and was sold for $45 at stockyard; that prior to illness she had a value of $175.

The plaintiff's cattle were kept on a farm and with a dairy herd belonging to a Mr. Miller. The herd consisted of 50 to 60 head of cattle of which a part belonged to plaintiff.

The defendant presented a witness, a veterinarian, who testified that he went to the Miller place at the instance of the defendant and there saw one dead animal in the dead wagon and that the next day he returned and saw the herd. The witness was interrogated as follows:

"Q. Doctor, you were down at this place where these cattle were that Mr. Miller had in his possession March, 1943. You had a chance to look at the herd of cattle he had there. A. Yes, sir. Q. You come in daily contact with people handling stock, know about sales of livestock during that period of time? A. I do. Q. Do you know what the fair market value of those cattle, assuming they were not injured whatsoever, were March, 1943? A. Yes, sir. Q. What would you say was the fair market value of the cattle you saw there? (Objection sustained.) Q. Assuming that the cows that died were of the same general character of the cattle that you viewed, do you have an opinion as to their value as of February 11, 1943? (Objection sustained.)"

Another question or two was propounded which, among other things, contained statement as to the "ordinary run of cattle" and as to "dairy cows so used and bearing calves." However, no hypothetical question was so framed as to satisfy the trial judge that it fairly presented to the witness the essential elements of fact to make his expression in response thereto a competent and relevant opinion of value as applicable to plaintiff's cattle.

It will be observed that the witness saw one dead animal and could have seen such other animals of the plaintiff as may have been intermingled with the Miller herd which consisted of 50 to 60 head of cattle.

Defendant presents all assignments of error under the following heads:

(1) It is competent for a witness, otherwise qualified, to testify to the value of livestock, some of which he has seen and some of which he has not seen, providing the hypothetical question asked of a witness fairly describes the cattle in question.

(2) A hypothetical question is not incompetent if it fairly states such facts as the proof tends to establish.

(3) It is reversible error to exclude competent evidence offered by a litigant upon a material issue.

The hypothetical questions asked defendant's witness described the cattle involved as the same general character as those viewed in the Miller herd, a

fact about which there was no testimony and, as ordinary run of cattle, milk cows with calves, weighing 800 to 1,000 to 1,100 pounds, dairy cows so used, and bearing calves, and asked opinion as to value of such cattle.

The plaintiff in fixing the value of the cattle involved stated the age, breed, and condition of each animal and his statements were uncontroverted. These facts are all elements of value and a consideration of such facts would appear essential to the formation of an intelligent opinion as to the value of the cattle.

In Jones Commentaries on Evidence (2nd Ed.) paragraphs 1327 and 1328, is this statement:

"Test of Fair Presentation of Facts. Where certain facts are undisputed and are material to the formation of an accurate opinion on the part of the witness, a hypothetical question should include such facts; but where the facts are disputed, it is sufficient if a hypothetical question fairly states such facts as present the examiner's theory of the case. . .

" . . . It is error to allow an expert to answer a hypothetical question which excludes from his consideration facts already proved by the testimony upon which the question is based, and which stands uncontroverted, provided a consideration of such fact is essential to the formation of an intelligent opinion covering the matter. The court should reject questions which unfairly select part of the facts proved or which omit material facts. Generally speaking, the trial court is the arbiter of the propriety of the question."

In Shuffield v. Taylor, 125 Tex. 601, 83 S. W. 2d 955, the court said:

"A hypothetical question should be so framed as to recite all the facts in evidence relevant to the formation of an opinion, and then, assuming the facts to be true, the witness should be asked, if able to form an opinion therefrom to state his opinion. A question is not necessarily improper because it includes only a part of the facts in evidence provided it embraces enough of them to enable the witness to formulate an intelligent opinion."

Although an expert witness can testify as to the market value of cattle similar to those in controversy, though he has never seen them, his opinion given on the hypothesis of this similarity which omits the material facts of age and breed as appears in this case, would necessarily be inaccurate.

Under the facts in this case, we find no error in the rejection of the answers to the hypothetical questions. The judgment is affirmed.

HURST, V. C. J., and OSBORN, BAYLESS, and DAVISON, JJ. concur.

